GARDEN, JUDGE:
In April 1979, the Board of Regents issued an Advertisement for Bids for the construction of an athletic shell facility for *266 West Virginia University in Morgantown, West Virginia. The bid documents requested a base bid and alternates numbered one through eight. Claimant G. M. McCrossin, Inc. (McCros-sin) submitted a bid for this project in accordance with the bid documents on July 26, 1979. At the bid opening, McCrossin was the apparent low bidder. When employees of McCrossin compared its bid with the bids submitted by the other bidders, they determined that an error had been made in alternates 2 and 5 on the bid documents. On the day following the bid opening, McCrossin notified the respondent, by letter dated July 27, 1979, of the errors in alternates 2 and 5. After a review of the bid documents and supporting data from McGrossin, the Division of Purchasing in the Department of Finance and Administration notified McCrossin that there was insufficient justification for rejection of the bid. McCrossin then proceeded with construction of the shell facility in accordance with the contract, but filed this claim to recover the loss alleged as a result of the errors in alternates 2 and 5.
McCrossin contends that an adjustment should have been permitted by the respondent or that it should have been released from performance of the contract.
The respondent contends that McCrossin failed to meet the mandatory requirements of Purchasing Regulation 2.02 (6), which details the conditions under which a bid may be rejected after a bid opening. Section 2.02(6) provides as follows:
“The Director, at his discretion, may reject an erroneous bid after the bid opening if all of the following conditions exist: 1) a clerical error was made; 2) the error materially affected the bid; 3) rejection of the bid would not cause a hardship on the State agency involved other than losing an opportunity to receive goods and/or services at a reduced cost; 4) enforcement of the part of the bid in error would be unconscionable.” (Emphasis supplied.)
In explaining the decision made by the Purchasing Division, Glenn R. Cummings, Director of the Purchasing Division, testified that the data submitted by McCrossin to explain the errors in alternates 2 and 5 on the bid did not establish that a *267 clerical error had occurred; that he determined that a judge-mental error had occurred; that the portion of the error was a small percentage of the whole contract; that rejection of the bid would have caused a hardship upon the respondent in having to rebid the alternates or the whole bid; and that enforcement of the part of the bid in error was not unconscionable as it was only a three or four percent differential.
McCrossin introduced an abundance of evidence illustrating in detail the manner in which the errors in the alternates occurred. The errors occurred during the hour prior to the submission of the bid when McCrossin’s employees were finalizing the figures to be relayed by telephone to an employee waiting in Charleston. Needless to say, there was much confusion in putting the figures in the proper places, computing the final figures, and then reporting the same to the person in Charleston who submitted the final bid at the bid opening. “. . .Construing the words literally, a ‘clerical error’ means an error committed by a clerk or some subordinate agent in the performance of clerical work. It usually denotes negligence or carelessness which is not attributable to the exercise of judicial consideration or discretion.” 21A M.J., Words & Phrases, Page 350. In the opinion of the Court, McCrossin did satisfactorily prove that the errors were clerical.
However, Regulation 2.02 (6) of the Division of Purchasing, which applies to the rejection of a bid, requires that three other conditions also be met before the bid may be rejected.
The clerical error must also materially affect the bid. As the errors in alternates 2 and 5 constituted approximately three to four percent, the Court is reluctant to find that the bid was materially affected by the errors.
Rejection of the bid in this instance may have caused a hardship upon the respondent Board of Regents inasmuch as this bid letting was the second one for the construction of the Athletic Shell Facility. The delay involved in re-bidding the contract probably would have resulted in increased cost of the project to the detriment of the respondent.
In addition, it does not appear from the evidence that en *268 forcement of the bid in error by the Division of Purchasing would be unconscionable.
In the opinion of the Court, the Director of the Purchasing Division did not abuse the discretion granted to him under Section 2.02 (6) of the Purchasing Regulations.
For the foregoing reasons, the Court is of the opinion to, and does, disallow the claim.
Claim disallowed.